UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE DISTRICT OF COLUMBIA** : <br> A Municipal Corporation : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **MICHELLE BUTLER** : <br> : <br> Parent and next friend of M.B., : <br> : <br> Defendant. : <br> _____ : | **Civil Action No. 09-cv-02225 (ESH)** |

**PLAINTIFF DISTRICT OF COLUMBIA'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS AND FOR PERMISSION TO SERVE BY ALTERNATIVE MEANS**

Plaintiff District of Columbia, by counsel, respectfully moves this Court for an order to extend time for service of process by 90 days and to permit service of Defendant Michelle Butler by alternative means. Plaintiff seeks this relief from the Court because, despite its diligent efforts, Defendant has been unable to effect proper service upon Ms. Butler.

A memorandum of points and authorities and a proposed order are attached hereto.

Respectfully submitted,

PETER J. NICKLES
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

                        */s/ Edward P. Taptich*_____
                        EDWARD P. TAPTICH (012914)
                        Section Chief
                        Equity Section 2

                        */s/ C. Vaughn Adams*_____
                        C. VAUGHN ADAMS (449770)
                        Assistant Attorney General
                        Civil Litigation Division
                        Equity Section 2
                        441 Fourth Street, N.W., Sixth Floor South
                        Washington, D.C.  20001
                        (202) 442-9840 (phone)
                        (202) 727-3625 (facsimile)
                        corliss.adams@dc.gov

**March 8, 2010**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE DISTRICT OF COLUMBIA** : <br> A Municipal Corporation : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> **MICHELLE BUTLER** : <br>  : <br> Parent and next friend of M.B., : <br>  : <br> Defendant. : <br> _____ : | **Civil Action No. 09-cv-02225 (ESH)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF DISTRICT OF COLUMBIA'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS AND FOR PERMISSION TO SERVE BY ALTERNATIVE MEANS**

**INTRODUCTION**

This action is for a review of the District of Columbia Public Schools ("DCPS") Hearing Officer's Decision, issued August 26, 2009, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The District timely filed its complaint on November 24, 2009. Pursuant to Fed. R. Civ. Pro. 4(m), the District has 120 days, or through Wednesday, March 24, 2010, to serve Defendant Michelle Butler. The District here requests that this Court issue an order extending the time to serve Ms. Butler by 90 days to June 23, 2010 and granting Plaintiff permission to serve Ms. Butler by posting a copy of the Complaint and summons on the door of her residence, should she again refuse to accept personal service. Alternatively, the Plaintiff requests that the Court instruct the U.S. Marshals Service to effect service on the Defendant.

## STATEMENT OF FACTS

The District has made several efforts to serve Ms. Butler, all to no avail. The District's efforts to effect service began on November 30, 2009, 10:00 a.m., when Investigator Patrick Gordon of the Office of the Attorney General, arrived at Defendant's apartment No. 104 at 5340 C Street, S.E., Washington, D.C. 20019, knocked on the door several times and received no reply. See, Ex. 1., Affidavit of Investigator Patrick Gordon.  Investigator Gordon then called Ms. Butler's telephone and left a message for her to call him on his cell phone.  At 10:30 a.m. that day, Michelle Butler called Mr. Gordon. Mr. Gordon informed her he was an investigator for the Office of the Attorney General and had to speak with her. She said, "Talk with me about what?" Mr. Gordon told her he was required to give her a civil summons. She hung up the phone. Id.

December 1, 2009, 7:40 a.m. Investigator Gordon attempted service but was unable to gain access to Ms. Butler's secured building. He called and left a message for Ms. Butler.  On December 2, 2009, 8:00 a.m., Investigator Gordon attempted service once more but was unable to gain access to Ms. Butler's secured building. He then called and left a message for Ms. Butler again. Id.

A few weeks later, on December 18, 2009 at 8:30 p.m. Investigator Andrew Kelley, also of the Office of the Attorney General, arrived at Defendant's apartment to attempt service and knocked on door. Exhibit 2.  According to Mr. Kelley's affidavit, a young girl answered the door. Investigator Kelley asked to speak to Ms. Butler.  The girl said that Ms. Butler was not there and then closed the door.  Id.

On December 19, 2009, at 10:00 a.m., Investigator Kelley again arrived at Defendant's apartment to attempt service. Id.  He could hear the television on and people inside talking. Investigator Kelley knocked on door. A young male asked "Who is it?" before opening the door. Investigator Kelley identified himself and no one said a word after that, even when he knocked on the door several more times. Id. On December 21, 2009 at 9:00 a.m., Investigator Kelley arrived at Defendant's apartment a third time and knocked on the door. No one answered although he could hear people inside talking.  He knocked a few more times before leaving. Id.

Upon learning that investigators for the Office of the Attorney General were unsuccessful in effecting person service upon Ms. Butler, on January 6, 2010, the undersigned counsel for the Plaintiff called and emailed former counsel of record for Defendant, Donovan Anderson, Esq., to inquire whether he would accept service on behalf of Ms. Butler. Mr. Anderson stated that he would speak to his client to inform her of Plaintiff's request and get back to me. A copy of the summons, complaint and a waiver of service form were also emailed on January 6, 2010 to Mr. Anderson's email address: danderson@donovananderson.com. Ex. 3. On January 13, 2010, Mr. Anderson responded to the email and telephone conversation with an email stating: "I do not currently represent Ms. Butler and I am unable to accept service on her behalf." Ex. 4.

At this point, Plaintiff attempted to serve Ms. Butler by certified mail.  On January 26, 2010, a copy of the complaint, summons and waiver of service forms with a return self addressed envelope were mailed to Defendant's home address by certified mail, return receipt requested, signature restricted to Ms. Butler. No response was ever

5

received to this mailing, either from the US Postal Service or from Ms. Butler.[1]  Ex. 5.  In a further effort to notify Ms. Butler of the lawsuit, on March 1, 2010, another copy of the complaint, summons and waiver of service forms with a return self addressed envelope were mailed to Defendant's home address by regular first class mail. Ex. 6.

On March 3, 2010, Plaintiff engaged the services of Same Day Process Servers to attempt further personal service upon the Defendant.  At this point in time, a process server from that company is attempting to serve Ms. Butler.

## ARGUMENT

Because Ms. Butler has not willingly accepted service, the District has been unable thus far to effect personal service upon her within 120 days, as required by Fed. R. Civ. Pro. 4(m). However, Ms. Butler clearly has been put on notice that the District is attempting to serve her a summons. But she has purposefully evaded service so far.

As early as November 30, 2009, an investigator for the Office of the Attorney General verbally informed Ms. Butler that he had to serve a civil summons upon her. Ex. 1. Later, Ms. Butler's former attorney informed her of this matter and she was sent a copy of it in the mail. *See* Exhibits 3, 4, 5 & 6.  Because the District has made diligent efforts to contact and serve Ms. Butler, to no avail, it should be granted an additional 90 days to continue to effectuate service upon the Defendant. Also, Plaintiff should be permitted to serve Defendant by knocking and then posting a copy of the Summons and Complaint on the door of her residence if Plaintiff continues to be frustrated in its effort to serve the Defendant or by having service effected by the U.S Marshals Service.

---

[1] Plaintiff expected to at least receive a return from the USPS indicating whether or not Defendant refused service or that the letter was undeliverable. However, Plaintiff has been unable to track down the status of that mailing.

### I.     <u>Good cause exists for an extension of time to effect service.</u>

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Capital Int'l, Ltd. v. Rudolph Wolff Co.,* 484 U.S. 97, 104 (1987). Normally, a plaintiff has 120 days to effect service upon the defendant. Fed. R. Civ. P. 4(m). However, where a defendant has been uncooperative or evades service, the court may extend the time for service beyond the 120 day limit after conducting a two-step inquiry under Rule 4(m). *Shaw v. District of Columbia*, No. 05-1284; 2006 U.S. Dist. LEXIS 29423, 26-27 (D.D.C. May 15, 2006).

First, the court determines whether the plaintiff has established "good cause" for failing to timely effect service of process. <u>Id</u>. Good cause may exist if the defendant intentionally evades service. <u>Id</u>. But even if a plaintiff has not established good cause, the Court may still -- in its discretion -- permit late service. See *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (citing cases); *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 89-90 (D.D.C. 2004). When a plaintiff cannot show good cause, the court should consider and balance the following factors: (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant has actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiff, i. e., cause the plaintiff's suit to be time-barred by the statute of limitations; and (5) whether the plaintiff has made diligent, good faith efforts to effect proper service of process. See *Taylor*, No. 4:01-120; 2002

U.S. Dist. LEXIS 26892, (E.D. Tenn. July 16, 2002) (citations omitted); *Spencer v. Steinman*, 968 F. Supp. 1011, 1014-15 (E.D. Pa. 1997) (citing cases).

Here, good cause exists for Plaintiff's inability to effect service upon the Defendant as of this date. Plaintiff has made several attempts to serve the Defendant over several days at different times of day. Defendant has actual knowledge that Plaintiff is attempting to serve her, but has refused to cooperate in that effort. Defendant was personally informed by an Investigator from the Office of the Attorney General that he was attempting to serve her a civil summons and she promptly hung up the phone on him. The Defendant was also informed by her former attorney that Plaintiff was attempting to serve her. All contacts with the Defendant's household have resulted in refusals to respond to requests to access the Defendant. It is abundantly clear that Defendant is not cooperating with Plaintiff's numerous attempts to serve her

Similarly, extending the time for service would not result in any actual prejudice to the Defendant but failure to extend the time for service would result in substantial prejudice to the Plaintiff. Plaintiff seeks to overturn an erroneous hearing officer's decision that improperly ordered DCPS to place a child in a private placement for two years, despite the absence of either a request for, or any evidence to support, an award of a second years' private placement, and the fact that the law requires <u>annual</u> reviews of placement decisions to assess their suitability for the child's academic progress and special education needs. See, Complaint (E-document 1). If this decision is not corrected, Plaintiff will be required to fund for an additional year a placement for the student involved that may be inappropriate and, worse yet, the student may be forced to remain in a placement that is inappropriate for her special education needs. Thus,

Defendant's child may suffer harm if the time for service is not extended and this Complaint is not heard on the merits.

## II.     Service should be permitted by alternative means.

The rules of service were designed to ensure that defendants are given their due process rights. In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), the Supreme Court held:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457; Grannis v. Ordean, 234 U.S. 385; Priest v. Las Vegas, 232 U.S. 604; Roller v. Holly, 176 U.S. 398. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and cf. Goodrich v. Ferris, 214 U.S. 71.

In the instant case, Ms. Butler has been given notice that a lawsuit against her is pending. However, Plaintiff cannot state with certainty that Ms. Butler has actually seen a physical copy of the lawsuit. Therefore, Plaintiff requests the opportunity to give Ms. Butler actual notice that is "reasonably calculated" to inform her of the action, by having a process server knock on her door, attempt service and, if unsuccessful, to effect service by affixing a copy of the summons and complaint to the door of her residence.

The rules of procedure are not meant to protect Ms. Butler's willful evasion of service. Once Ms. Butler has actual notice of this lawsuit, this Court would be within its power to order her to answer the complaint without violating her due process rights. *See* Avianca, Inc. v. Corriea, Civil Action No. 85-3277 (RCL), 1991 U.S. Dist. LEXIS 7447,

7-10 (D.D.C. 1991).   Therefore, if the District is unable to effect personal service upon Ms. Butler after three further attempts by a process server, the District requests leave of this Court to serve Ms. Butler by having a process server knock on her door, attempt service and, if unsuccessful, to effect service by affixing a copy of the summons and complaint to the door of her residence.  Alternatively, the District requests that the Court instruct the U.S. Marshals Service to effect service upon the Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiff should be granted an additional 90 days to effect service upon the Defendant and service shall be permitted by additional attempts at personal service, followed by knocking a posting a copy of the Summons and Civil Complaint on the door of Plaintiff's residence, should she again refuse to accept service. Alternatively, Plaintiff shall be permitted to effect service upon the Defendant by the U.S. Marshals Service.

Respectfully submitted,

PETER J. NICKLES
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section 2

/s/ *C. Vaughn Adams*
C. VAUGHN ADAMS (449770)
Assistant Attorney General
Civil Litigation Division
Equity Section 2
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 442-9840 (phone)
(202) 727-3625 (facsimile)
corliss.adams@dc.gov

**March 8, 2010**