# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                    |   |                                    |
|------------------------------------|---|------------------------------------|
| **DISTRICT OF COLUMBIA,**          | ) |                                    |
|                                    | ) |                                    |
| Plaintiff,                         | ) |                                    |
|                                    | ) |                                    |
| v.                                 | ) | Civil Action No. 09-2225 (ESH)     |
|                                    | ) |                                    |
| **MICHELLE BUTLER,**               | ) |                                    |
|                                    | ) |                                    |
| Defendant.                         | ) |                                    |

## MEMORANDUM OPINION

In this case brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"), plaintiff District of Columbia challenges the decision of a District of Columbia Public Schools ("DCPS") Hearing Officer. The Clerk of Court has entered a default against defendant, and before the Court is plaintiff's motion for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons stated herein, that motion will be granted and a default judgment entered.

## BACKGROUND

On September 5, 2009, a DCPS Hearing Officer issued a decision ordering DCPS to place and fund defendant Michelle Butler's child, M.B., at the Kingsbury School for the 2009-2010 and 2010-2011 school years. (Compl. ¶ 16, Nov. 24, 2009.) On November 24, 2009, plaintiff timely filed a complaint challenging the Hearing Officer's decision. (*Id.*) According to the complaint, the Hearing Officer erred by ordering a two-year placement because (1) defendant only requested and submitted evidence to support a one-year placement (*id.* ¶¶ 15, 17, 27); and/or

(2) the decision "violates 20 U.S.C. § 1414(d)(4) because it prevents the IEP team from reviewing and updating the placement of M.B. at Kingsbury Day School . . . for the next two years."[1] (*Id.* ¶¶ 23-24.) Thus, plaintiff seeks "an order modifying the September 5, 2009 Hearing Officer's Determination to the extent it requires placement and funding of M.B. at Kingsbury Day School beyond one school year." (*Id*. at 6.)

On March 8, 2010, plaintiff filed a motion to extend the time for service of process by 90 days and for permission to serve by alternative means. (Pl'.s Mot. for Ext. of Time and Mem. in Support, Mar. 8, 2010 [dkt #3].) Plaintiff's motion detailed numerous failed attempts at service and described actions by defendant that suggested she was trying to evade service. (*Id*. at 4-6.) The Court granted plaintiff's motion, extending the time to effect service until June 23, 2010, and authorizing plaintiff, after three more unsuccessful attempts at service, to "effect service by knocking on the door of Plaintiff's residence and then, if there is no response or Defendant or a person of suitable age in her household refuses to accept service, affixing a copy of the Summons and Complaint in this matter to her door." (Minute Order, Mar. 8, 2010.)

On March 18, 2010, plaintiff filed an affidavit from the process server showing that on March 10, 2010, after four more unsuccessful attempts at personal service, service was effected by posting the complaint and summons on defendant's door. (Affidavit of Process Server, Mar. 28, 2010 [dkt. # 4]; Pl.'s Mem. of Points and Authorities in Support of Mot. for Default Judgment Against Michelle Butler ["Pl.'s Mem."] ¶ 1, May 24, 2010 [dkt #10].) In addition, on April 5, 2010, plaintiff notified the Court that defendant had faxed plaintiff a signed Waiver of

---

[1] Section 1414(d)(4) provides that the "local educational agency shall ensure that . . . the IEP team . . . reviews the child's IEP periodically, but not less frequently than annually, to determine whether the annual goals for the child are being achieved." 20 U.S.C. § 1414(d)(4).

Service of a Summons on March 31, 2010. (Notice to Court, Apr. 5, 2010 [dkt. #5]; Declaration of C. Vaughn Williams in Support of Request for Entry of Default Against Michelle Butler ¶ 4, May 3, 2010 [dkt. #7-1].) Based on plaintiff's service by alternative means, defendant's response to the complaint was due on March 31, 2010. Based on defendant's signed waiver of service, her response was due on May 1, 2010. Even assuming the later date applies, defendant failed to plead or otherwise respond to the complaint in a timely manner.

On May 3, 2010, pursuant to Federal Rule of Civil Procedure 55(a), plaintiff requested that the Clerk of Court enter a default against defendant.[2] (Request for Entry of Default Against Michelle Butler, May 3, 2010 [dkt. #7].) The Clerk entered default on May 4, 2010. (Clerk's Entry of Default as to Michelle Butler, May 4, 2010 [dkt. #8].) Plaintiff has now moved for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). As of the date of this Memorandum Opinion, defendant has not entered an appearance nor filed any pleadings in this case.

## DISCUSSION

Plaintiff asks the Court to enter a default judgment "revers[ing] the September 5, 2009 Hearing Officer's Decision to the extent that it impedes the ability of the District of Columbia Public Schools to annually review and update the individualized educational program and placement of M.B." (Pl.'s Mem. at 2.) After a default has been entered by the Clerk, a court

---

[2] Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

may enter a default judgment pursuant to Rule 55(b)(2). Fed. R. Civ. P. 55(b)(2).[3] "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980); *see also Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008). Courts strongly favor resolution of disputes on their merits, but default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . . The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d at 835-36 (internal quotations omitted). A default judgment is warranted if defendant is a "totally unresponsive" party and its default is plainly willful, as reflected by its failure to respond "either to the summons and complaint, the entry of default, or the motion for default judgment." *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC*, 531 F. Supp. 2d at 57 (internal

---

[3]Rule 55(b)(1) provides that the Clerk can enter a default judgment:

If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

quotation marks omitted).  Nor is this a case where the application for default should be denied because "the allegations of the complaint, even if true, are legally insufficient to make out a claim." *Gutierrez*, 2000 WL 331721, at *2.  Finally, no hearing is needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).  Accordingly, plaintiff is entitled to a default judgment against defendant.

## CONCLUSION

For the reasons set forth above, the Court will grant plaintiff's motion for default judgment.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:  May 26, 2010